IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:98-826-CMC |
| v. | **OPINION and ORDER** |
| Steven Lavour Twitty, | |
| Defendant. | |

This matter is before the court on Defendant's motion for reconsideration of the denial of his motion for relief under Amendment 750. ECF No. 74 (filed Jan 3, 2012). The Government has not responded to Defendant's motion.

Defendant contends that the base offense level applicable in his case (after Amendment 750) is a 32, and that the resulting guideline range is 210-262 months' imprisonment. Mot. at 2. Defendant contends that he is therefore entitled to relief under Amendment 750. Defendant relies upon language in the decision of the Fourth Circuit Court of Appeals on his appeal after resentencing. The Fourth Circuit indicated that

> Twitty's career offender offense level is thirty-two, USSG § 4B1.1(C), and his criminal history is VI. USSG § 4B1.1. These two factors result in a sentencing range of 210-262 months. . . . Thus, based solely on the career offender enhancement, Twitty's 240-month sentence "did not exceed the maximum authorized by the facts" that were properly established and not found by the district court, . . . and therefore did not violate his Sixth Amendment rights.

*United States v. Twitty*, 172 F. App'x 480, 483 (4th Cir. 2006) (quoting *United States v. Evans*, 416 F.3d 298, 300 n.4 (4th Cir.2005)).

Defendant's reliance on this language is misplaced. This language indicates that even without the drug weights found by the court, Defendant's status as a career offender was sufficient

1

to support the sentence he received, as career offender status is based upon certain qualifying predicate offenses.

At resentencing, Defendant was held responsible for 1.5 kilograms of "crack" cocaine which (after Amendment 750) produces a base offense level of 34. Defendant was also held responsible for possessing a weapon during the course of the offense, which added two offense levels. Therefore, the resulting guideline range is 36. This offense level, coupled with his career offender designation (criminal history category VI), produces a sentencing range of 324 to 405 months' imprisonment, a guideline range significantly higher than the 240-month statutory mandatory maximum which was applicable in Defendant's case.

Even assuming Defendant is somehow correct that his base offense level should be a 32, this base offense level would still be enhanced by his possession of weapon, resulting in a total offense level 34, with a criminal history category VI. The resulting guideline range, 262 to 327 months' imprisonment, is still beyond the statutory maximum of Defendant's offense.

Therefore, he is not entitled to relief Under Amendment 750, and Defendant's motion for reconsideration is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 19, 2012